# IN THE COURT OF APPEALS OF IOWA

No. 20-0024
Filed March 3, 2021

**DAVON M. MOZIE,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.
_____

Appeal from the Iowa District Court for Des Moines County, John M. Wright,

Judge.

The applicant appeals the denial of his application for postconviction relief

over his sentencing term. **AFFIRMED.**

Nate Nieman, Rock Island, Illinois, for appellant.

Thomas J. Miller, Attorney General, and Thomas J. Ogden, Assistant

Attorney General, for appellee State.

Considered by Bower, C.J., and Vaitheswaran and Greer, JJ.

**GREER, Judge.**

Davon Mozie appeals the denial of his application for postconviction relief (PCR). He claims his right to be free from cruel and unusual punishment was infringed because he was subject to mandatory minimum sentencing for a crime he committed at the age of nineteen. We affirm the denial of his PCR application.

**Background Facts.**

In 2016, as a nineteen year old, Mozie robbed several gas stations, brandishing a gun to intimidate the employees and access cash. Mozie eventually pled guilty to two counts of second-degree robbery, in violation of Iowa Code section 711.3 (2016).[1] Subject to mandatory-minimum conditions, he was sentenced to a term not to exceed ten years in prison. In 2019, Mozie applied for PCR arguing his sentence amounted to cruel and unusual punishment. The district court denied Mozie's application. He appeals.

**Standard of Review.**

We may review a challenge that a sentence is illegal at any time. *State v. Lyle*, 854 N.W.2d 378, 382 (Iowa 2014); *see also* Iowa R. Crim. P. 2.24(5)(a). Though rulings on PCR are usually reviewed for correction of errors at law, when an applicant asserts a constitutional claim as the basis for relief, we review that claim de novo. *Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001).

---

[1] Under the plea agreement, the parties made a joint sentencing recommendation that Mozie serve a mandatory minimum of fifty percent of his sentence rather than seventy percent.

**Cruel and Unusual Punishment.**

Mozie challenges the denial of his PCR application, championing his right to be free from cruel and unusual punishment. He argues this right was violated under both the Eighth Amendment to the United States Constitution and article I, section 17 of the Iowa Constitution.

By arguing his constitutional rights were violated, Mozie asks us to extend the application of our supreme court's ruling in *Lyle* to young adult criminal offenders. *See Lyle*, 854 N.W.2d at 378. On many occasions, this court has been asked to extend the holding of *Lyle* and has refused to do so.[2] But Mozie argues that the *Lyle* court, by using the term "youthful" (rather than "juvenile") left the door open for the holding to be extended to young adults. Our supreme court held in *Lyle* that "all mandatory minimum sentences of imprisonment for youthful offenders are unconstitutional under the cruel and unusual punishment clause in article I, section 17 of our constitution." 854 N.W.2d at 400. This argument is quickly dispelled when *Lyle* is read in its entirety because *Lyle* confirms the holding has "no application to sentencing laws affecting adult offenders." 854 N.W.2d at 403. "[T]he line between being a juvenile and an adult was drawn for cruel and unusual punishment purposes at eighteen years of age." *State v. Seats*, 865 N.W.2d 545, 556 (Iowa 2015) (discussing *Roper v. Simmons*, 543 U.S. 551, 574 (2005)). Thus, the *Lyle* court, and those cases following, are clear that the door was not left open for *Lyle* to be extended to young adults.

---

[2] *See, e.g.*, *State v. McClain*, No. 19-0209, 2020 WL 824144, at *1-2 (Iowa Ct. App. Feb. 19, 2020) (collecting cases where the Iowa Court of Appeals declined to extend the reasoning of *Lyle* to an adult offender), *further review denied* (April 16, 2020).

Still, Mozie draws our attention to an Illinois appellate decision. *See People v. House*, 142 N.E.3d 756, 774 (Ill. App. Ct. 2019). In *House*, the Illinois court found that a nineteen year old's mandatory life sentence "shock[ed] the moral sense of the community" and was unconstitutional under the Illinois state constitution.[3] *Id.* And it is true, that *Lyle* analyzed sentencing concerns over juvenile offenders in a number of jurisdictions across the nation. But, *our* court has not strayed from *Lyle* even in cases with reasoning similar to that in *House. See McClain*, 2020 WL 824144, at *1-2 (refusing to extend *Lyle* to an eighteen-year-old subject to a mandatory minimum sentence for second-degree robbery); *Kimpton v. State*, No. 15-2061, 2017 WL 108303, at *2 (Iowa Ct. App. Jan. 11, 2017) (finding mandatory-minimum aspect of twenty-two-year-old's sentence was not cruel and unusual punishment under *Lyle*). We find the reasoning of *House* unpersuasive.

As a final Hail Mary,[4] Mozie advocates for a pliable analysis where district courts consider youthful characteristics in all young adults for sentencing decisions. Mozie suggests district courts be afforded a *Miller* opportunity to consider mitigating circumstances impacting a youthful offender, including young adults, rather than simply imposing the mandatory-minimum sentence. *See Miller*

---

[3] Further, it is not final whether *House* will remain good law in Illinois, as the Illinois Supreme Court has granted the State leave to appeal. *See People v. House*, 435 Ill. Dec. 673 (Ill. 2020). And one court outside of the state declined to follow its reasoning. *State v. Barnett*, 598 S.W.3d 127, 132 n.3 (Mo. 2020).

[4] A Hail Mary pass is a long forward pass made in a last-ditch effort to score.

*v. Alabama*, 567 U.S. 460, 489 (2012).[5]  We decline to follow Mozie's proposed solution, as we refuse to extend *Lyle*'s holding to young adults.  *See State v. Beck*, 854 N.W.2d 56, 64 (Iowa Ct. App. 2014) ("We are not at liberty to overrule controlling supreme court precedent.").

For the reasons already discussed, we affirm the district court ruling denying Mozie's PCR application and the sentence imposed.

**AFFIRMED.**

---

[5] *Miller* made clear that a judge or jury must have the opportunity to consider mitigating circumstances before imposing the harshest possible penalty for juveniles.